## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**TIFFINI WOODWARD, ET AL**                    **CIVIL ACTION**

**VERSUS**                                      **NO:  18-4236**

**SHERIFF JOSEPH P. LOPINTO, ET**               **SECTION: "S" (4)**
**AL**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion in Limine** (Rec. Doc. 136) is

**GRANTED in part** and **DENIED in part** and **DEFERRED in part** as set forth below;

**IT IS FURTHER ORDERED** that the **Motion in Limine** filed by defendants,

CorrectHealth Jefferson, LLC ("CorrectHealth"), Ironshore Specialty Insurance Company,

Michelle Becnel, Vonzelle Gabriel, and Margaret Armant (collectively "defendants") (Rec. Doc.

138) is **GRANTED in part, DENIED in part,** and **DEFERRED in part**, as set forth below.

### BACKGROUND

In this case brought under 42 U.S.C. § 1983, plaintiff alleges her Eighth and Fourteenth

Amendment rights were violated by defendants' deliberate indifference to her serious medical

needs while incarcerated, resulting in her labor and the delivery of her son in her prison cell

toilet. Detailed facts are set forth in prior orders of the court, and thus are not restated here. In

the instant motions, the parties seek in limine rulings excluding certain evidence. They are

discussed in turn below.

**Plaintiff's Motion in Limine**

**1. Motion to exclude evidence of plaintiff's prior drug use**

Defendants have indicated that they will introduce evidence of plaintiff's prior drug use. Plaintiff has moved to exclude it based on Federal Rule of Evidence 404(b). Under that rule "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, [t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).

Defendants counter that the evidence is not being used for an impermissible purpose, but rather to prove that plaintiff's prior drug use was a contributing cause to her premature labor and precipitous delivery. In a recent order, the court has found that medical causation of plaintiff's labor is not at issue in this case. Accordingly, to the extent defendants seek to admit the evidence to establish causation, it is irrelevant, and therefore excluded. If at trial defendants lay a foundation for its admissibility on some other ground, the court will consider it then.

**2.  Motion to exclude evidence of prior convictions**

Plaintiff seeks to exclude evidence of her following prior convictions, all based on guilty pleas in Jefferson Parish, on the grounds that they are irrelevant and unfairly prejudicial: five counts of theft (October 25, 2013); two counts of theft (October 25, 2013); one count of theft of goods (February 10, 2014); prostitution (October 8, 2015); possession of heroin (October 8, 2015); possession of suboxone (March 7, 2016); and conspiracy to commit armed robbery

2

(February 4, 2019).

Defendants argue that evidence of the convictions is relevant to plaintiff's credibility under Federal Rule of Evidence 609, and to the extent of plaintiff's damages.

Federal Rule of Evidence 609(a) governs the admissibility of evidence of prior convictions for impeachment purposes. It provides in part that in

attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant;
. . . .

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

FED. R. EVID. 609(a).

Thus, crimes potentially admissible under 609(a)(1) may be excluded even if relevant if their probative value is substantially outweighed by the likely prejudicial effect. In contrast, "[c]rimes qualifying for admission under Rule 609(a)(2) [, involving dishonesty or false statements,] are not subject to Rule 403 balancing and must be admitted." United States v. Jefferson, 623 F.3d 227, 234 (5th Cir. 2010) (citing United States v. Harper, 527 F.3d 396, 408 (5th Cir.2008)).  Crimes that involve dishonesty or false statements include crimes such as perjury, criminal fraud, embezzlement, or any other offenses involving some element of deceit, untruthfulness or falsification. FED. R. EVID. 609 advisory committee's note to 1974 enactment.

3

Plaintiff's convictions for theft, prostitution, drug possession, and conspiracy to commit armed robbery do not involve deceit, untruthfulness, or falsification.[1] Therefore, the balancing test for Rule 403 must be applied in considering whether they are admissible. In this case, the court finds that evidence of plaintiff's particular crimes tends to establish a long-term drug addiction problem. It is not independently relevant to any fact issue in this case, and would likely unfairly prejudice plaintiff in the eyes of the jury. Accordingly, this evidence is excluded for the purposes of impeaching plaintiff's character for truthfulness.

### 3. Motion to exclude evidence of events preceding 2:58 p.m. on May 25, 2017

Plaintiff also seeks to exclude evidence of events preceding 2:58 p.m. on May 25, 2017. On May 22, 2017, plaintiff was taken to Jefferson Parish Correctional Center ("JPCC") after testing positive for heroin, in violation of her parole. At intake it was noted that she was pregnant and a drug user, and referred to the infirmary. The next day, May 23, 2017, Woodward complained that she was bleeding. She was taken to Tulane Lakeview Hospital for evaluation and treatment. After two days of observation, it was determined that Woodward was not at a high risk of having a precipitous delivery and she was discharged on the afternoon of May 25, and readmitted to JPCC. Plaintiff seeks to exclude the events prior to the afternoon of May 25.

However, plaintiff has placed JPCC's policies and procedures related to pregnancy at issue in this case. Those policies and procedures were activated upon her original admission to

---

[1]While in certain circumstances theft could involve falsification, no details regarding plaintiff's theft convictions have been provided to support such a finding, and generally speaking, it is not. See Coursey v. Broadhurst, 888 F.2d 338, 342 (5th Cir. 1989) (finding felony theft of cattle was not a crime involving dishonesty or false statement).

JPCC on May 22. Accordingly, the court finds events dating from plaintiff's original May 22, 2017 admission, including medical records and JPCC log books, are relevant and admissible.

As for items pre-dating May 22, 2017, including other medical records and the testimony of her father and the baby's father, depending on evidence introduced at trial, they may be relevant to damages or other issues not known at this time. A blanket exclusion at this juncture is thus premature. Accordingly, the motion in limine is denied as premature with respect to those issues.

With respect to evidence regarding Woodward's prior attorneys (the MacArthur Justice Center), the Magistrate Judge has previously ruled that the MacArthur Justice Center's potentially improper solicitation of Woodward was not relevant to the issue of Woodward's motive and credibility in this case. Rec. Doc. 114, p. 12. Accordingly, the motion is granted with respect to this evidence and it is excluded.

**Defendants' Motion in Limine**

Defendant has moved for a ruling in limine excluding evidence on nine different topics. They are addressed seriatim below.

**1. Defendants' status as insurers, retention of defense counsel or counsel's location or experience in representing insurance companies** – Plaintiff has responded that she does not intend to make such references unless defendants make disparaging references to plaintiff and her counsel at trial. Neither party will be allowed to make any disparaging remarks about opposing counsel or their clients. Granted as unopposed.

**2. Any verdicts or awards by any jury on separate and unrelated lawsuits** - Plaintiff

5

has responded that she does not intend to make such references. Granted as unopposed.

   **3.   Any reference to or evidence, testimony, or argument regarding defendants'**
**financial ability to pay and/or wealth** - Granted except as it may apply to punitive damages.

   **4.   Any reference to or evidence, testimony, or argument asking the jury to "send a**
**message" or act as the "conscience of the community"** - Plaintiff argues that it is unclear what

evidence the defendant seeks to exclude by this request, but contends that evidence that

defendants' conduct warrants punitive damages is admissible. The court has recently denied

defendants' motion for summary judgment on punitive damages, accordingly, depending on what

evidence is sought to be introduced, it may be admissible. Deferred until trial.

   **5.   Any news or other media reports regarding any births occurring at Jefferson**
**Parish Correctional Center** - Defendants argue that any such evidence is inadmissible because

it is irrelevant and hearsay. Although plaintiff has not listed any such evidence in its exhibit list,

it will not be allowed. Accordingly, this portion of the motion is denied is granted.

   **6.   Any evidence relating to or testimony concerning any other births occurring at**
**JPCC before the date of this incident** - Defendant argues that medical causation of the prior

births referenced is dissimilar to medical causation for the premature labor and delivery in

plaintiff's case. Plaintiff counters that such evidence is relevant to proving the nature of

CorrectHealth's policy surrounding pregnancies at JPCC, CorrectHealth's knowledge of the

policy, and that CorrectHealth acted with deliberate indifference. The court has recently ruled

that fact issues exist as to whether CorrectHealth's policy of not training staff on detecting the

signs of labor was a moving force in plaintiff's injury, and the result of deliberate indifference.

Accordingly, the evidence of other births that occurred following a failure to detect labor or refer incarcerated persons following onset of labor is potentially admissible. The evidence may also be relevant to punitive damages. The court declines to make a blanket ruling at this juncture; at trial, the court will consider the admissibility of specific evidence subject to hearsay and authentication concerns. Denied/Deferred until trial.

**7.  Any evidence relating to or testimony regarding any mental health damages purportedly sustained by plaintiff or her son** - this portion of the motion was premised on 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act ("PLRA"). That statute is applicable only to plaintiffs who are prisoners at the time of filing suit, a class to which plaintiff does not belong. Accordingly, it is inapplicable in this case. Denied.

**8.  Any evidence or testimony regarding any injunctive and declaratory relief** - Plaintiff has waived her claim for injunctive relief and has not sought declaratory relief from the moving defendants. Denied as moot.

**9.  Any evidence relating to or testimony concerning any in-custody deaths occurring at JPCC** - Defendants argue that because this is not a wrongful death case, any such evidence is irrelevant. Plaintiff argues, inter alia, that evidence regarding stillborn babies whose stillbirths resulted from a failure to recognize labor and refer to an appropriate facility are relevant to the issue of defendants' policies. Deferred until trial when it can be determined exactly what deaths plaintiff seeks to admit and for what purpose.

Therefore, in accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's **Motion in Limine** (Rec. Doc. 136) is

7

**GRANTED in part** and **DENIED in part** and **DEFERRED in part**;

IT IS FURTHER ORDERED that the **Motion in Limine** filed by defendants (Rec.

Doc. 138) is **GRANTED in part, DENIED in part,** and **DEFERRED in part**.

New Orleans, Louisiana, this   17th   day of May, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

8