## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFINI WOODWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4236** |
| **SHERIFF JOSEPH LOPINTO, ET AL** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion to Alter or Amend** the court's ruling denying summary judgment (Rec. Doc. 203) is **DENIED**.

**IT IS HEREBY ORDERED** that defendants' **Motion to Alter or Amend** the court's rulings on motions in limine (Rec. Doc. 202) is **DENIED.**

## BACKGROUND

In this case brought under 42 U.S.C. § 1983, plaintiff, Tiffini Woodward, alleges her Eighth and Fourteenth Amendment rights were violated by defendants' deliberate indifference to her serious medical needs while incarcerated, resulting in the labor and the delivery of her son in her prison cell toilet. Detailed facts of this case are stated in the court's May 17, 2021 Order and Reasons (Rec. Doc. 200) and thus are not restated here.

Defendants, CorrectHealth Jefferson, LLC ("CorrectHealth"), Ironshore Specialty Insurance Company, and Michelle Becnel, request that the court alter or amend its May 17, 2021 Order and Reasons denying summary judgment to dismiss the plaintiff's failure to train claim, and damages stemming from her eclamptic seizure. Defendants also ask the court to amend its May 17, 2021 order excluding evidence of plaintiff's prior drug use and prior conviction, and to allow that evidence to be admitted. Plaintiff opposes both motions.

# DISCUSSION

## *Legal Standard*

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. See Calpecto 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1(2d ed. 2002).

The general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Johnson v. Inv. Equities, LLC, 2019 WL 2250254, at *1 (E.D. La. May 24, 2019) (collecting cases). A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Basinkeeper v. Bostick, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the

movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" Berezowsky v. Rendon Ojeda, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the United States Court of Appeals for the Fifth Circuit has "observed that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'" Id. (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgement.'" Id. (quoting Templet, 367F.3d at 479).

Defendants have not identified, in either motion, any intervening change in the controlling law or new evidence. Therefore, the only basis for reconsideration is to correct a manifest error of law or fact.

### Motion to Alter or Amend Denial of Summary Judgment

In this motion, defendants contend that the court manifestly erred in denying summary judgment on the failure to train claim because its ruling was internally inconsistent. Specifically, defendants argue that a finding that Nurse Becnel acted with deliberate indifference in failing to take appropriate action once it was clear that plaintiff was in labor, is irreconcilable with a finding that CorrectHealth's failure to train Becnel to recognize the signs and symptoms of labor was a cause of the harm plaintiff suffered.

The court disagrees. First, the court did not find that either or both of these things occurred. The court concluded that fact issues existed as to whether either occurred. A jury may well find that one or the other but not both occurred, pretermitting the question whether the findings are mutually exclusive. Second, it is not clear that the findings are mutually exclusive. A

jury could conclude that due to a failure to train, Becnel did not recognize the signs of labor when she should have, but that in the twelve plus-hour period over which Woodward alleges her labor progressed, at some point Becnel should have recognized the symptoms of labor and acted on them regardless of her lack of training. Accordingly, the court finds that defendants have failed to establish that they are entitled to reconsideration of the court's prior ruling on this basis.

Defendants also argue that the plaintiff's claim for damages stemming from her eclamptic seizure must be dismissed because no evidence of medical causation has been submitted to support it. Plaintiff opposes, arguing that expert testimony is not required when causation can be established through common knowledge.

Defendants' insistence that medical causation is required to prove that the delay in care and transporting Woodward to the hospital caused her seizure mischaracterizes her claims. Plaintiff is not seeking to recover based on the theory that defendants' acts or omissions were the medical cause of her seizure. Rather, she contends that defendants' deliberate indifference to her medical needs set in motion a chain of dangerous and horrific events that included the seizure, after giving birth to her son unassisted in a prison cell toilet. Medical causation is not required to prove that allegation. Accordingly, the lack of expert testimony related to the medical cause of plaintiff's eclamptic seizure is not fatal to plaintiff's claims.

### Motion to Alter or Amend Rulings in Limine

In this motion, defendants seek reconsideration of the court's exclusion of the plaintiff's prior drug use. The court previously ruled that "to the extent defendants seek to admit the evidence [of prior drug use] to establish causation, it is irrelevant, and therefore excluded. If at trial defendants lay a foundation for its admissibility on some other ground, the court will consider it then." Rec. Doc. 201, p. 2. Defendants now seek reconsideration, arguing that they do

not intend to use evidence of plaintiff's prior drug use to prove medical causation of plaintiff's pre-term labor. Accordingly, the court reiterates its prior ruling: if at trial defendants lay a foundation for its admissibility on some other ground, the court will consider it then. Thus, the motion to alter or amend is denied on this issue.

Defendants also seek reconsideration of the court's ruling that evidence of plaintiff's prior convictions should be excluded based on Federal Rule of Evidence 403. Federal Rule of Evidence 403 authorizes the court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of …unfair prejudice." FED. R. EVID. 403. In this motion, defendants argue that because this is a civil rather than a criminal matter, the court should have presumed Woodward's prior convictions less than ten years old were relevant, and admitted them without conducting a Rule 403 weighing of their probative value against their prejudicial effect, citing the "Coursey presumption".

Coursey v. Broadhurst, 888 F.2d 338 (5th Cir. 1989), interpreted the pre-1990 version of Rule 609. Prior to its 1990 amendment, Federal Rule of Evidence 609(a)(1) required admission of qualifying prior convictions unless their probative value was outweighed by the "prejudicial effect **to the defendant**." (Emphasis added.) The Supreme Court interpreted this to mean that the discretion to exclude convictions for prejudice applied only to criminal defendants, and thus that the rule required the admission of qualifying convictions in civil cases even when their prejudicial effect outweighed their probative value. See Green v. Bock Laundry Mach. Co., 490 U.S. 504 (1989). However, Rule 609(a) was amended in 1990 to explicitly provide that witnesses other than the accused in a criminal case (namely, witnesses in civil cases, prosecution witnesses in criminal cases, and defense witnesses in criminal cases besides the defendant), are entitled to have their prior convictions excluded based upon a weighing under Rule 403. As a result of the

amendment, Rule 609(a)(1)(A) states that evidence of felonies "must be admitted, **subject to Rule 403, in a civil case**, or in a criminal case in which the witness is not a defendant…." (Emphasis added). Thus, the plain language of the rule in its current form requires a Rule 403 weighing for the admission of Woodward's prior convictions. Defendants' reliance on the statutorily abrogated "Coursey presumption" is unpersuasive.

The court has conducted the required Rule 403 weighing exercise. In a civil case, that exercise requires consideration of the nature of the convicted crimes, the timeframe of the convictions, the importance of the witness's testimony, and the centrality of the credibility testimony. See United States v. Acosta, 763 F.2d 671, 695 n.30 (5th Cir. 1985). While the court recognizes the importance of plaintiff's testimony and that credibility is central to resolving the issues in this case, none of the crimes defendants seek to admit are crimes of dishonesty or false statements. The nature of these crimes (theft, prostitution, drug possession, conspiracy to commit armed robbery[1]), are not crimes of untruthfulness or falsification, but are highly prejudicial. The risk is high that introduction of the convictions, which the court considers reflective of Woodward's long-term drug addiction,[2] would have "an undue tendency to suggest decision on an improper basis," while at the same time, have relatively small probative value as to whether it is within plaintiff's character to lie regarding her experience of labor and delivery. See Advisory

---

[1] Defendants have suggested that the most recent conviction, for conspiracy to commit armed robbery, could be considered a crime of dishonesty because courts have found conspiracy convictions admissible under Rule 609(a)(2), citing Thomas v. Chambers, 2019 WL 1989236 (E.D. La. May 6, 2019), motion for relief from judgment denied, 2019 WL 2289495 (E.D. La. May 28, 2019). However, the conspiracy in Thomas involved possessing and counterfeiting forged state securities with the intent to defraud. Thus, the underlying crimes of the conspiracy were crimes of dishonesty.

[2] The court's previous order stated that the previous convictions "tend[] to establish a long-term drug addiction problem." That language is hereby amended to state that the convictions are consistent with, or reflective of, Woodward's long-term drug addiction problem.

Committee's Notes on Fed. Rule Evid. 403; see also <u>Old Chief v. United States</u>, 519 U.S. 172, 180 (1997) (quoting the same).

Further, while the Federal Rules of Evidence imposes a presumptive limit of ten years for admission of prior convictions, the court notes that in this case only one conviction may be considered recent; all of the rest of the convictions occurred over five years ago. Considering all of these factors, the court finds that under Rule 403, the risk of unfair prejudice from this evidence substantially outweighs its probative value, and thus evidence of plaintiff's prior convictions is excluded. Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion to Alter or Amend** the court's ruling denying summary judgment (Rec. Doc. 203) is **DENIED**.

**IT IS HEREBY ORDERED** that defendants' **Motion to Alter or Amend** the court's rulings on motions in limine (Rec. Doc. 202) is **DENIED.**

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**